UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIYU DONG,<br><br>                    Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC<br>                    Defendant. | Case No.: 19CV2202 DMS (BGS)<br><br>**ORDER REGARDING ADDITIONAL DEPOSITIONS** |

On July 14, 2020, counsel for the parties contacted Judge Skomal's chambers to raise disputes regarding numerous depositions. (ECF 30.) The Court held a discovery conference on July 15, 2020 and concluded that the dispute concerning two BMW employees was not ripe until two Rule 30(b)(6) depositions and Plaintiff's deposition were conducted. (ECF 31.) The Court tolled that dispute and disputes as to depositions of dealership employees to July 27, 2020 and directed the parties to follow Rule 45 procedures as to any subpoenaed non-party witnesses. (*Id.*) The Court was notified on July 27, 2020 that the Rule 30(b)(6) depositions and Plaintiff's deposition have been completed and Plaintiff is still seeking additional depositions. (ECF 32.)

The Court finds briefing is necessary to address this dispute. The parties shall file a joint statement, limited to 10 pages per side, no later than **August 7, 2020**. On or before **August 3, 2020**, counsel must meet and confer and identify the topics Plaintiff

seeks to have these deponents address.[1]  In the joint statement, each party must address the relevancy of the testimony sought, the importance of the testimony to resolving important issues in the case, whether the depositions are proportional to the amount in controversy, whether these depositions place an undue burden on the Defendant, and the other proportionality factors listed in the 2015 Amendments to Rule 26(b)(1).[2]

The parties must exchange their portions of the joint statement no later than **August 5, 2020** to allow the opposing party to modify their briefing to appropriately address the other party's position.  The purpose of the joint statement is for both parties to set out their own position and their response to the opposing party's position in a single joint statement.

**IT IS SO ORDERED.**

Dated:  July 29, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[1] This briefing does not apply to any Rule 45 subpoenas.  As previously directed by the Court, the parties must follow Rule 45 procedures to raise any issues regarding subpoenaed non-parties.

[2] To the extent there is any dispute about document requests associated with the depositions, the parties must address relevancy, proportionality, and whether Plaintiff has complied with Federal Rule of Civil Procedure 34(b)'s requirement that the discovery be described with particularity and place the opposing party on reasonable notice of what is called for.